## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>COMMODITY EXCHANGE, INC., GOLD FUTURES AND OPTIONS TRADING LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | 14-MD-2548-VEC<br>14-MC-2548-VEC<br><br>The Honorable Valerie E. Caproni |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/3/2019

### REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE IN THE AUTHORIZATION OF A COMMISSIONER PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

A request is hereby made by the United States District Court for the Southern District of New York, at 40 Foley Square, New York, New York 10007, UNITED STATES OF AMERICA, to the Ministère de la Justice, Direction des Affaires Civiles et du Sceau, Bureau de l'entraide civile et commerciale internationale (D3), 13, Place Vendôme, 75042 Paris Cedex 01, FRANCE, for assistance in obtaining document discovery from Société Générale ("SG"), a defendant in the above-captioned actions. This request is made pursuant to Chapter II of the Hague Convention of 18 March 1970 on the Taking of Evidence in Civil or Commercial Matters (the "Hague Convention").

| 1. | Sender | The Honorable Valerie E. Caproni<br>United States District Judge<br>United States District Court for the Southern District of New York<br>Thurgood Marshall United States Courthouse<br>40 Foley Square<br>New York, New York 10007-1312<br>UNITED STATES OF AMERICA |
|----|--------|--------|
| 2. | Central Authority of the Requested State | Ministère de la Justice<br>Direction des Affaires Civiles et du Sceau<br>Bureau de l'entraide civile et commerciale (D3)<br>13, Place Vendôme<br>75042 Paris Cedex 01<br>FRANCE |
| 3. | Person to whom the executed request is to be returned | Marc J. Gottridge<br>Hogan Lovells US LLP<br>875 Third Avenue<br>New York, New York<br>UNITED STATES OF AMERICA |
| | | SG also designates the appointed Commissioner, Mr. Alexander Blumrosen, to accept service of the Hague Convention authorization and notifications from the French governmental authorities related to the Hague Convention proceedings on SG's behalf. The Commissioner shall transmit such authorization and notifications to counsel for Plaintiffs and SG simultaneously. |

In conformity with Chapter II, Article 17 of the Hague Convention, the United States District Court for the Southern District of New York presents its compliments to the Ministère de la Justice and has the honor to submit the following request:

| | | |
|---|---|---|
| 4. | Specification of the date by which the requesting authority requires receipt of the response to the Request for International Judicial Assistance ("Request") | The requesting authority would greatly appreciate a response to the Request that will allow SG to produce the required documents and data by May 31, 2019. |
| 5. | Requesting judicial authority | United States District Court<br>Southern District of New York<br>Thurgood Marshall United States Courthouse<br>40 Foley Square<br>New York, New York 10007-1312<br>UNITED STATES OF AMERICA |
| 6. | To the competent authority of | The Republic of France |
| 7. | Name of the case and any identifying number | *In re Commodity Exch., Inc., Gold Futures and Options Trading Litigation*, Case No. 14-MD-2548 (VEC) (S.D.N.Y.) |
| 8. | Names of Plaintiffs | American Precious Metals, Ltd., Norman Bailey, Patricia Benvenuto, Michel de Chabert-Ostland, Compañía Minera Dayton, Edward R. Derksen, Frank Flanagan, Thomas Galligher, KPFF Investment, Inc., Duane Lewis, Larry Dean Lewis, Kevin Maher, Robert Marechal, David Markun, Blanche McKennon, Kelly McKennon, Thomas Moran, Eric Nalven, Nando, Inc., J. Scott Nicholson, Albert Semrau, Richard White, White Oak Fund LP, and David Windmiller |
| | Names and addresses of Plaintiffs' representatives | Daniel L. Brockett<br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Telephone: (212) 849-7000<br>Fax: (212) 849-7100<br>danbrockett@quinnemanuel.com |

3

Sami H. Rashid
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Fax: (212) 849-7100
samirashid@quinnemanuel.com

Alexee Deep Conroy
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Fax: (212) 849-7100
alexeeconroy@quinnemanuel.com

Jeremy D. Andersen
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213)443-3000
Fax: (213)443-3100
jeremyandersen@quinnemanuel.com

Chris R. Barker
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213)443-3000
Fax: (213)443-3100
chrisbarker@quinnemanuel .com

Merrill G. Davidoff
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
Telephone: (215) 875-3000
Fax: (215) 875-4604
mdavidoff@bm.net

Martin I. Twersky
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
Telephone: (215) 875-3000
Fax: (215) 875-4604
mtwersky@bm.net

Michael C. Dell'Angelo
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
Telephone: (215) 875-3000
Fax: (215) 875-4604
mdellangelo@bm.net

Zachary D. Caplan
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
Telephone: (215) 875-3000
Fax: (215) 875-4604
zcaplan@bm.net

*Counsel for Plaintiffs and the Proposed Class*

| | | |
|---|---|---|
| 9. Name of relevant Defendant | **Société Générale**<br><br>Registered Office:<br>    29 Boulevard Haussmann<br>    75009 Paris<br>    FRANCE<br><br>Administrative Offices:<br>    Tour Société Générale<br>    17 Cours de Valmy,<br>    92972 Paris-La Défense<br>    FRANCE<br><br>R.C.S. PARIS (Registration Number - Paris Commercial Registry): 552 120 222 | |
| 10. Name and address of relevant Defendant's representatives | Marc J. Gottridge<br>**HOGAN LOVELLS US LLP**<br>875 Third Avenue<br>New York, New York<br>UNITED STATES OF AMERICA | |

Nature and purpose of the proceedings and summary of the facts

Beginning in February 2014, Plaintiffs filed numerous actions in federal courts in the United States (the "Actions"), naming SG and other banks and companies – including The Bank of Nova Scotia, Barclays Bank plc, HSBC Bank plc, and The London Gold Market Fixing Limited – as defendants. The Actions were then centralized before the United States District Court for the Southern District of New York (the "Court") and assigned to the Honorable Valerie E. Caproni, United States District Judge. The current operative pleading in the Actions is the Third Consolidated Amended Class Action Complaint (the "Complaint"), which Plaintiffs, on their own behalves and on behalf of a putative class, filed in the United States District Court for the Southern District of New York on June 16, 2017, as limited by the Court's Orders filed on October 3, 2016 and July 25, 2018.

In the Complaint, Plaintiffs have alleged, *inter alia*, that SG and the other defendants conspired to manipulate the price of gold during the alleged Class Period of January 1, 2004 through December 31, 2012 (as limited by the Court), in particular through their alleged conduct in connection with the afternoon London Gold Market Fixing. Plaintiffs further allege that Defendants profited from this manipulation through various means, including the trading of gold derivatives. On the basis of the allegations of the Complaint, Plaintiffs have asserted seven claims for relief. Claim One asserts that the defendants participated in an agreement in restraint of trade in violation of the Sherman Antitrust Act; Claims Two through Six assert that the defendants violated certain

provisions of the Commodity Exchange Act and rules promulgated thereunder by the U.S. Commodity Futures Trading Commission

SG filed its Answer to the Complaint on August 18. 2017, denying liability on all of Plaintiffs' claims and asserting a number of defenses.

On September 6, 2018, the Court entered as an order of the Court a Discovery Schedule (the "Discovery Schedule Order"), which (among other things): provided for the parties to serve their initial requests for the production of documents and data no later than September 24, 2018; ordered counsel for the respective parties to meet and confer to attempt to resolve discovery disputes without judicial intervention; established a procedure for the Court to issue rulings on discovery disputes that cannot be so resolved; provided for production of documents and data, to take place on a rolling basis, to commence no later than January 4, 2019 (subject to the Court's rulings on any disputed issues applicable to the documents described in paragraph 12 below and/or to the pendency of any disputes awaiting a ruling by the Court); and required counsel for each party, subject to the same caveats, to certify no later than May 31, 2019 that its production of documents, data, and other materials responsive to the initial document requests was substantially complete.

On September 24, 2018, pursuant to the Discovery Schedule Order, Plaintiffs' counsel served on counsel for SG and certain other Defendants Plaintiffs' First Set of

Requests for Production of Documents to the Fixing Bank Defendants (the "Plaintiffs' Requests"), pursuant to the Discovery Schedule and Rule 34 of the Federal Rules of Civil Procedure. On November 2, 2018, counsel for SG served on Plaintiffs' counsel Defendant Société Générale's Responses and Objections to Plaintiffs' First Set of Requests for Production of Documents to the Fixing Bank Defendants ("SG's Responses and Objections").

SG now seeks to voluntarily produce French-originated documents and data to Plaintiffs (and the other parties in the above-referenced action) that are responsive to the Plaintiffs' Requests, subject to SG's Responses and Objections, and to the extent production is agreed between Plaintiffs and SG from time to time through the meet and confer process directed by the Court in the Discovery Schedule Order and/or directed by the Court.

11. Evidence to be obtained

SG will provide to the Commissioner SG's French-originated documents and data that are responsive to the Plaintiffs' Requests, subject to SG's Responses and Objections, and to the extent production is agreed between Plaintiffs and SG from time to time through the meet and confer process directed by the Court in the Discovery Schedule Order and/or directed by the Court, for simultaneous transmission by the Commissioner to counsel for Plaintiffs and SG. Counsel for SG will then transmit those documents and data to counsel for all other parties to the above-referenced action.

| | |
|---|---|
| 12. Documents or other property to be inspected | The documents and data described in the Plaintiffs' Requests, subject to SG's Responses and Objections, and to the extent production is agreed between Plaintiffs and SG from time to time through the meet and confer process directed by the Court in the Discovery Scheduling Order and/or directed by the Court. |
| 13. Whether the Plaintiffs and relevant Defendant have consented to document discovery | The parties have consented to document discovery. |
| 14. Suggested date by which any document discovery must be completed | Documents and data shall be produced on a rolling basis, with the first tranche to be produced, subject to the Court's rulings on any disputed issues applicable to the documents and data described in paragraph 12 above and/or to the pendency of any disputes awaiting a ruling by the Court that may affect SG's ability to commence rolling production of such documents and data, no later than thirty (30) days from the Ministère de la Justice's approval of the Court's Request (unless otherwise extended by the consent of the parties, which consent shall not be unreasonably withheld), provided that, subject to rulings by the Court and/or the pendency of disputes submitted to the Court for rulings, all document and data production pursuant to this request shall be completed no later than May 31, 2019, unless such date is extended by agreement of respective counsel for Plaintiffs and SG or as otherwise may be directed or confirmed by order of the Court. |
| 15. Special methods or procedure to be followed | None |

| 16. Specification of privilege or duty to refuse to produce documents under the law of the State of origin | Neither this request for international judicial assistance, the transmission of documents and data to the commissioner, nor any examination of documents and data by the commissioner, shall waive, or be deemed or argued to have waived, the attorney-client privilege, the work product doctrine, or any other privileges, rights, protections or prohibitions that may apply to that evidence under the laws of France, the United States, or New York. |
|---|---|
| 17. Authority appointing Commissioner, pending approval of the Ministère de la Justice | United States District Court for the Southern District of New York<br>Thurgood Marshall United States Courthouse<br>40 Foley Square<br>New York, New York 10007-1312<br>UNITED STATES OF AMERICA |
| 18. Commissioner | Mr. Alexander Blumrosen<br>KAB (Kuckenburg Bureth Boineau et Associés)<br>242 bis Bd Saint Germain<br>75007 Paris, France<br>T: +33 1 48 88 80 80<br>a.blumrosen@avokab.com<br><br>Attached hereto is the Order of the United States District Court for the Southern District of New York, appointing Alexander Blumrosen as Commissioner, pending the approval of the Ministère de la Justice. |

19. The costs of the Hague Convention proceedings, including, without limitation, the fees of the Commissioner, translation fees or costs, and for the transmission of productions will be borne by

All costs of this Hague Convention process, including, without limitation, the fees of the Commissioner, translation fees for these motion papers, and any transmittal costs for the documents and data, will be borne by SG. Each party will be responsible for the fees and expenses, if any, of its own attorneys relating to any proceedings arising from this Hague Convention process; however, if counsel are required to travel to France to attend any proceedings arising from this Hague Convention process, SG will bear the reasonable travel-related expenses for one attorney for Plaintiffs.

This Court expresses its appreciation to the Ministère de la Justice for its courtesy and assistance in this matter.

Dated: New York, New York
January 3, 2019

Valerie E. Caproni
United States District Judge