USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/13/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE:

COMMODITY EXCHANGE, INC., GOLD FUTURES AND OPTIONS TRADING LITIGATION

*This Document Relates To All Actions*

Case No.   14-MD-2548 (VEC)
                14-MC-2548 (VEC)

Hon. Valerie E. Caproni

**ORDER REGARDING NOTICE OF A REVISED PLAN OF
ALLOCATION FOR THE DEUTSCHE BANK AND HSBC SETTLEMENTS**

This matter having come before the Court on Plaintiffs' motion for approval of the Plan of Allocation of the proceeds of the Settlements with Deutsche Bank and HSBC in the above-captioned action, and Plaintiffs' response to the Court's October 19, 2021 order; the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises;

**IT IS HEREBY ORDERED** that:

1. This Order incorporates by reference the definitions and terms of the proposed Settlements set forth in each Stipulation and Agreement of Settlement, which were previously filed with the Court ("Stipulations" or "Settlements" or "first two settlements") (ECF Nos. 174-1, 487-1), and all capitalized terms used, but not defined herein, shall have the same meanings as set forth in the Stipulations.

2. Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finds and concludes that due and adequate notice was directed to all persons who are members of the Settlement Class who could be identified with reasonable effort, advising them of the Plan of Allocation and of their right to object thereto, and a full and fair opportunity was accorded to all persons and entities who are members of the Settlement Class to be heard with respect to the Plan of Allocation.

3. An objection was filed (ECF No. 579) that focused primarily on the treatment of positions opened and closed the same day ("day trades"). In response to the objection, a revised form of the Plan of Allocation has been proposed that affords different treatment for day-trades, but otherwise the revised Plan of Allocation is identical to that class members were given notice of. To the extent necessary under Rule 23, the Court approves the compromise and resolves the issues raised by the objection as below.

4.  The Court preliminarily approves the proposed revision to the Plan of Allocation.

5.  Though class members were told the Plan of Allocation could change without further notice, the Court also approves the proposal to include information about the revision in the materials used in connection with the Third Settlement Agreement, as attached to or referenced in Plaintiffs' January 12, 2022 letter-submission. Without deciding whether it would have been necessary to do so, this proposal fully satisfies all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, Due Process, and any other applicable rules or laws with respect to the proposed change in the Plan of Allocation.

6.  Class members may file new or revised Claim Forms pursuant to the revised Plan of Allocation. They may also object to the revised Plan of Allocation. The relevant deadlines, forms, and processes are the same as discussed in the separate order regarding the Third Settlement Agreement. Class members may also request to be excluded from the Deutsche Bank and HSBC Settlements.

7.  To confirm, as set forth in the proposed notice materials, the claims processes and deadlines discussed in connection with the Third Settlement Agreement shall also apply with respect to class members' ability to submit new or revised claims as against the first two settlements.

8.  Similarly, as also set forth in the proposed notice materials, the process for objecting to the Plans of Allocation is the same across all three settlements. Any member of the Settlement Class or governmental entity that fails to object in the manner described in the Court's concurrent order regarding the Third Settlement Agreement shall be deemed to have waived the right to object (including any right of appeal) to the revised Plan of Allocation for the

first two settlement agreements as well.

9.      The process for requesting exclusion from the first two settlements is that set forth in the Court's prior order (ECF No. 516), except that the new "Exclusion Bar Date" (*id.* ¶ 15) for the first two settlements shall now be April 19, 2022.  By May 3, 2022, the relevant parties shall provide a status report to the Court including, if necessary, revised proposed final judgments.

10.     For the sake of clarity, neither this order or any other order entered as of the date of this order create a new right to object to the terms of the first two Settlements, or to object to the fee and expense request (ECF No. 565), in any respect.

11.     The Court's consideration of the Plan of Allocation is independent of the Court's consideration and approval of the Settlements, the fee award, and the expenses award.

IT IS SO ORDERED.


DATED: January 13, 2022                                   _____
                                                          HON. VALERIE E. CAPRONI
                                                          UNITED STATES DISTRICT JUDGE