USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/13/2022

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE:<br><br>COMMODITY EXCHANGE, INC., GOLD FUTURES AND OPTIONS TRADING LITIGATION<br><br>*This Document Relates To All Actions* | Case No.    14-MD-2548 (VEC)<br>                    14-MC-2548 (VEC)<br><br>Hon. Valerie E. Caproni |

**ORDER PROVIDING NOTICE TO THE SETTLEMENT CLASS AND**
**PRELIMINARY APPROVING THE PLAN OF ALLOCATION REGARDING THE**
**THIRD SETTLEMENT AGREEMENT**

WHEREAS, this matter has come before the Court by way of Plaintiffs' Motion for an Order Providing for Notice Regarding the Third Settlement Agreement and Preliminarily Approving the Plan of Allocation for the Third Settlement Agreement;

WHEREAS, the above-captioned matter is a putative class action before this Court;

WHEREAS, the Court finds that the proposed forms of Class Notice and the proposed Class Notice Plan are reasonable and rational, and the proposed Plan of Allocation is reasonable and rational and should be sent to Class Members for their review prior to the Fairness Hearing:

**IT IS HEREBY ORDERED** that:

1.       Except for the terms expressly defined herein, the Court adopts and incorporates the definitions in the Stipulation and Agreement of Settlement with Barclays Bank Plc, The Bank of Nova Scotia, Société Générale, and The London Gold Market Fixing Limited (the "Third Settlement Agreement").

2.       The terms of the Plan of Allocation for the Third Settlement Agreement are preliminarily approved as within the range of reasonableness, fairness, and adequacy.

3.       If they have not already done so, Newly Settling Defendants shall comply with the notice requirements of the Class Action Fairness Act, 28 U.S.C. §1715, within 10 days of entry of this Order.

4.       The Plaintiffs' notice program should begin no later than February 18, 2022 (the "Notice Date").  No later than this time, the Settlement Administrator shall cause copies of the Notice and Claim Form, in the form (without material variation) as attached to or referenced in Plaintiffs' January 12, 2022 letter-submission, to begin being distributed in accordance with a notice plan used for the prior two settlements, as detailed in the December 7, 2020, Declaration of Jeanne C. Finegan.  The foregoing mailings shall be completed no later than February 25,

2022.[1]

5.      The Settlement Administrator shall continue to maintain the settlement website, www.GoldFixSettlement.com, using it for purposes of the Third Settlement Agreement as well as the prior two settlements.  The website shall be maintained until the termination of the administration of the settlements.  The website shall continue to identify important deadlines, provide answers to frequently asked questions, and include copies of the Third Settlement Agreement (including exhibits), this Order, the mailed and summary notices, the motions for preliminary approval and all exhibits attached thereto, and the motion for issuance of the class notice plan and approval of the allocation plan.  The website may be amended as appropriate during the course of the administration of the settlements.  The settlement website, www.GoldFixSettlement.com, shall continue to be searchable on the Internet.

6.      The Settlement Administrator shall continue to maintain a toll-free interactive voice response telephone system containing recorded answers to frequently asked questions, along with an option permitting callers to speak to live operators or to leave messages in a voicemail box.  It shall be updated no later than the Notice Date with information regarding the Third Settlement Agreement and the revision to the Plan of Allocation.

7.      The proposed media campaign shall begin no later than February 28, 2022, including publication of the short-form notice without material variation from the version attached to Plaintiffs' January 12, 2022 letter-submission.

8.      The Court approves, in form and substance, the Notice, the Summary Notice, the Claim Form, and the continuation of the website as described herein.  The Class Notice specified

---

[1]  For the sake of clarity, in light of foreign-law concerns, Société Générale mailings may again include a "special notice" alongside the Notice Packet, substantially in the form used in connection with the prior two settlements.  *See* ECF No. 512 at 3; ECF No. 563-2.

herein (i) is the best notice practicable; (ii) is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency and status of this Action and of their right to object to or exclude themselves from the proposed Settlement; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice of the Fairness Hearing; and (iv) fully satisfies all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, Due Process, and any other applicable rules or laws.

      9.      Concurrent with the motion for final approval of the Third Settlement Agreement, and with any subsequent updates as necessary, Co-Lead Counsel shall file or cause to be filed a sworn statement attesting to the compliance with the paragraphs in this Order governing the provision of notice.

      10.      Any member of the Settlement Class and any governmental entity that objects to the fairness, reasonableness, or adequacy of any term or aspect of the Third Settlement Agreement, the application for attorneys' fees and expenses and any incentive awards made in connection with the Third Settlement Agreement, or the Final Approval Order and Final Judgment, or who otherwise wishes to be heard, may appear in person or by his or her attorney at the Fairness Hearing and present evidence or argument that may be proper and relevant. However, except for good cause shown, no person other than Co-Lead Counsel and Newly Settling Defendants' counsel shall be heard and no papers, briefs, pleadings, or other documents submitted by any member of the Settlement Class or any governmental entity shall be considered by the Court unless, by June 24, 2022 (the "Objection Deadline"), the member of the Settlement Class or the governmental entity files with the Court (and serves the same on or before the date of such filing by hand or overnight mail on the Co-Lead Counsel and counsel of record for Newly Settling Defendants) a statement of the objection, as well as the specific legal and factual

reasons for each objection, including all support that the objecting member of the Settlement Class or the governmental entity wishes to bring to the Court's attention and all evidence the objecting member of the Settlement Class or governmental entity wishes to introduce in support of his, her, or its objection or motion.  Such submission must contain: (1) a heading that refers to this Action by case name and case number; (2) a statement of the specific legal and factual basis for each objection, including whether the objection applies only to the objecting person, a specific subset of the Class or the entire Class; (3) a statement of whether the objecting person or entity intends to appear at the Fairness Hearing, either in person or through counsel and, if through counsel, a statement identifying that counsel by name, address, and telephone number; (4) a description of any and all evidence the objecting person or entity may offer at the Fairness Hearing, including but not limited to the names, addresses, and expected testimony of any witnesses; all exhibits intended to be introduced at the Fairness Hearing; and documentary proof of the objecting person's membership in the Settlement Class; (5) a description of the Gold Instruments transactions entered into by the member of the Settlement Class that fall within the Settlement Class definition; and (6) a list of other cases in which the objector or counsel for the objector has appeared either as an objector or counsel for an objector in the last five years. Persons who have timely submitted a valid Request for Exclusion are not members of the Settlement Class and are not entitled to object.

11.     Any objection to the Third Settlement Agreement submitted by a member of the Settlement Class pursuant to paragraph 10 of this Order must be signed by the member of the Settlement Class (or his, her, or its legally authorized representative), even if the member of the Settlement Class is represented by counsel.  The right to object to the proposed Third Settlement Agreement must be exercised individually by a member of the Settlement Class or the Person's

attorney, and not as a member of a group, class, or subclass, except that such objections and may

be submitted by a member of the Settlement Class's legally authorized representative.

12.     Any member of the Settlement Class or governmental entity that fails to object in

the manner described in paragraphs 10-11 of this Order shall be deemed to have waived the right

to object (including any right of appeal) and shall be forever barred from raising such objection

in this or any other action or proceeding related to or arising out of the Third Settlement

Agreement.

13.     Any Request for Exclusion from the Third Settlement Agreement by a member

of the Settlement Class for the Third Settlement Agreement must be sent in writing by U.S. first

class mail to the Settlement Administrator at the address in the mailed notice and received no

later than April 19, 2022 (the "Exclusion Bar Date").  Any Request for Exclusion must contain

the following information:  (a) the name, address, and telephone number of the member of the

Settlement Class; (b) a list of all trade names or business names that the member of the

Settlement Class requests to be excluded; (c) the name of this Action ("*In re Commodity*

*Exchange, Inc., Gold Futures and Options Trading Litigation*, No. 14-MD-02548-VEC

(S.D.N.Y.)"); (d) a statement certifying such person is a member of the Settlement Class; (e) a

description of the Gold Instruments transactions entered into by the Settlement Class Member

that fall within the Settlement class definition; and (f) a statement that "I/we hereby request that

I/we be excluded from the Settlement Class with respect to the Third Settlement Agreement."

14.     Unless the Court determines otherwise, a Request for Exclusion shall not be

effective unless it provides all of the information listed in paragraph 13 of this Order, complies

with this paragraph 14, and is received by the Exclusion Bar Date, as set forth in the Class

Notice.  If a member of the Settlement Class is unable or unwilling to disclose transaction

information or other information required in paragraph 13(e), the Request for Exclusion must include a concise statement explaining why that member is unable or unwilling to do so and explain why that member should nonetheless be excluded; the Court will determine the effectiveness of such a Request for Exclusion on an individual basis.  Any Request for Exclusion from the Third Settlement Agreement submitted by a member of the Settlement Class pursuant to paragraph 13 of this Order must be signed by the member of the Settlement Class (or his, her, or its legally authorized representative).  The right to be excluded from the proposed Third Settlement Agreement must be exercised individually by a member of the Settlement Class or his, her, or its attorney, and not as a member of a group, class, or subclass, except that a Request for Exclusion may be submitted by a member of the Settlement Class's legally authorized representative.  The Parties may request leave of the Court to seek discovery from any member of the Settlement Class who submits any Request for Exclusion.

15.     Any member of the Settlement Class for the Third Settlement Agreement who does not submit a timely and valid written Request for Exclusion from the Settlement Class shall be bound by all proceedings, orders, and judgments in the Action, even if the member of the Settlement Class for the Third Settlement Agreement has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Released Claims, and even if such member of the Settlement Class never received actual notice of the Action or the proposed Third Settlement Agreement.

16.     The Settlement Administrator shall promptly log each Request for Exclusion that it receives and provide copies of the log to Co-Lead Counsel and Newly Settling Defendants' counsel as requested.

17.     The Settlement Administrator shall furnish Co-Lead Counsel and counsel for

Newly Settling Defendants with copies of any and all objections, notices of intention to appear, and other communications that come into its possession (except as otherwise expressly provided in the Settlement Agreement) within one business day of receipt thereof.

18.    The Settlement Administrator shall provide counsel for Newly Settling Defendants and Co-Lead Counsel with copies of any Requests for Exclusion (including all documents submitted with such requests) and any written revocations of Requests for Exclusion as soon as possible after receipt by the Settlement Administrator and, in any event, within five business days after receipt of such materials.  Co-Lead Counsel shall file the opt-out list and an affidavit of the Settlement Administrator attesting to the accuracy of such list with the Court with the appropriate motion for final approval.

19.    All Proof of Claim and Release forms shall be submitted by members of the Settlement Class to the Settlement Administrator as directed in the mailed notice and must be postmarked no later than April 19, 2022.

20.    To effectuate the Third Settlement Agreement and the notice provisions, the Settlement Administrator shall be responsible for: (a) maintaining a P.O. Box (identified in the mailed notice and the publication notice), maintaining a toll-free interactive voice response telephone system and call center, and maintaining a website for the purpose of communicating with members of the Settlement Class; (b) effectuating the Class Notice plan, including by running potential members of the Settlement Class's addresses through the National Change of Address Database to obtain the most current address for each person; (c) accepting and maintaining documents sent from members of the Settlement Class, including Proof of Claim and Release forms, and other documents relating to the Settlement and its administration; (d) administering claims for allocation of funds among members of the Settlement Class; (e)

determining the timeliness of each Proof of Claim and Release submitted by members of the

Settlement Class, and the adequacy of the supporting documents submitted by members of the

Settlement Class; (f) corresponding with members of the Settlement Class regarding any

deficiencies in their Proof of Claim and Release forms and regarding the final value of any

allowed claim; (g) calculating each Authorized Claimant's allowed claim pursuant to the Plan of

Allocation; (h) determining the timeliness and validity of all Requests for Exclusion received

from members of the Settlement Class; (i) preparing the opt-out list and an affidavit attaching

and attesting to the accuracy of such list, and providing same to Co-Lead Counsel and counsel

for Newly Settling Defendants; and (j) providing Co-Lead Counsel and counsel for Newly

Settling Defendants with copies of any Requests for Exclusion (including all documents

submitted with such requests).

  21. The Settlement Administrator shall maintain a copy of all paper communications

related to the Settlement for a period of one year after distribution of the Net Settlement Fund

defined in the Third Settlement Agreement ("Net Settlement Fund"), and shall maintain a copy

of all electronic communications related to the Settlements for a period of three years after

distribution of the Net Settlement Fund, after which time all such materials shall be destroyed,

absent further direction from the Parties or the Court.

  22. All reasonable expenses incurred in preparing and providing the Settlement

Class Notice and paying other administrative expenses shall be paid from the Settlement Fund,

as set forth in Paragraph 8(a) of the Third Settlement Agreement.  In the event the Court does not

approve the Third Settlement Agreement, or if the Third Settlement Agreement is terminated or

otherwise fail to become effective or final, neither Plaintiffs nor any of their counsel shall have

any obligation to repay any amounts incurred or disbursed pursuant to Paragraph 8(a) of the

Third Settlement Agreement.

23.    Co-Lead Counsel shall file their motions for payment of attorneys' fees and reimbursement of expenses, incentive awards, and for final approval of the Third Settlement Agreement by June 3, 2022, and any reply papers (which may include a response to objections, if any) shall be filed by July 15, 2022.

24.    A hearing will be held on August 5, 2022, at 10:00 a.m. in Courtroom 443 of this Courthouse before the undersigned, to consider the fairness, reasonableness, and adequacy of the Settlements (the "Fairness Hearing").  The foregoing date, time, and place of the Fairness Hearing shall be set forth in the Class Notice, which is ordered herein, but shall be subject to adjournment or change by the Court without further notice to the members of the Settlement Class, other than that which may be posted at the Court or on the Settlement website at www.GoldFixSettlement.com.  The Court reserves the right to conduct the final fairness hearing remotely, but it currently expects that Co-Lead Counsel, defense counsel, and counsel for any objectors will be required to attend in person.

25.    The Court reserves the right to approve the Third Settlement Agreement at or after the Fairness Hearing with such modifications as may be consented to by the Parties and without further notice to the Settlement Class.

26.    The Court may, for good cause, extend any of the deadlines set forth in this Order without notice to members of the Settlement Class, other than that which may be posted at the Court or on the Settlement website, www.GoldFixSettlement.com.

27.    Unless otherwise specified, the word "days," as used herein, means calendar days.  In the event that any date or deadline set forth herein falls on a weekend or federal or state legal holiday, such date or deadline shall be deemed moved to the first business day thereafter.

IT IS SO ORDERED.

DATED: _January 13, 2022_____

_____
HON. VALERIE E. CAPRONI
UNITED STATES DISTRICT JUDGE