Case 1:14-mc-02548-VEC   Document 100   Filed 01/13/22   Page 1 of 8

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/13/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>COMMODITY EXCHANGE, INC., GOLD FUTURES AND OPTIONS TRADING LITIGATION<br><br>*This Document Relates To All Actions* | Case No.   14-MD-2548 (VEC)<br>            14-MC-2548 (VEC)<br><br>Hon. Valerie E. Caproni |

**ORDER PRELIMINARILY APPROVING THE BARCLAYS BANK PLC, THE BANK OF NOVA SCOTIA, SOCIÉTÉ GÉNÉRALE, AND THE LONDON GOLD MARKET FIXING LIMITED SETTLEMENT AGREEMENT, CERTIFYING THE SETTLEMENT CLASS, AND APPOINTING CLASS COUNSEL AND CLASS <u>REPRESENTATIVES FOR THE SETTLEMENT CLASS</u>**

WHEREAS, the Action[1] is pending before this Court;

WHEREAS, Class Plaintiffs[2] have entered into and executed a Stipulation and Agreement of Settlement (the "Settlement Agreement") with Barclays Bank PLC, The Bank of Nova Scotia, Société Générale, and The London Gold Market Fixing Limited (the "Settling Defendants" and, together with Class Plaintiffs, "the Settling Parties"), which if finally approved by the Court, will result in the settlement of all claims against the Settling Defendants;

WHEREAS, in full and final settlement of the claims asserted against it in this Action, the Settling Defendants have agreed to pay $50,000,000 (the "Aggregate Settlement Funds");

WHEREAS, Class Plaintiffs, having made an application, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement Agreement, which sets forth the terms and conditions of the settlement of the Action against the Settling Defendants and for dismissal of the Action against the Settling Defendants with prejudice upon the terms and conditions set forth in the Settlement Agreement;

WHEREAS, Class Plaintiffs have sought, and Settling Defendants have agreed not to object to, the certification of the Settlement Class (as defined below) solely for settlement purposes;

WHEREAS, Class Plaintiffs have requested that Lead Counsel be appointed as settlement class counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure;

WHEREAS, Class Plaintiffs have requested that they be appointed class representatives of the Settlement Class;

---

[1] As defined in the Settlement Agreement, the "Action" means the above-captioned litigation pending in the United States District Court for the Southern District of New York and any other actions that may be transferred or consolidated into this litigation.

[2] As defined in the Settlement Agreement, "Class Plaintiffs" are Compañía Minera Dayton SCM, Frank Flanagan, Quitman D. Fulmer, KPFF Investment, Inc., Duane Lewis, Larry Dean Lewis, Kevin Maher, Robert Marechal, Blanche McKennon, Kelly McKennon, Thomas Moran, J. Scott Nicholson, Santiago Gold Fund LP, Steven Summer, and David Windmiller.

WHEREAS, the Settling Parties have agreed to the entry of this Order Preliminarily Approving the Barclays Bank PLC, The Bank of Nova Scotia, Société Générale, and The London Gold Market Fixing Limited Settlement Agreement, Certifying the Settlement Class, and Appointing Class Counsel and Class Representatives for the Settlement Class (the "Order"); and

WHEREAS the Court has read and considered the Settlement Agreement and the exhibits annexed thereto and other documents submitted in connection with Class Plaintiffs' Motion for Preliminary Approval of the Settlement Agreement, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. All terms in initial capitalization used in this Order shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

## I. PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

2. Pursuant to Fed. R. Civ. P. 23(e)(1)(B), based on the showing that the Court will likely be able to approve the proposed settlement under Rule 23(e)(2) and certify the class for purposes of judgment on the proposed settlement, the Court hereby preliminarily approves the Settlement Agreement, subject to further consideration at the Fairness Hearing described below. The Court preliminarily finds that the settlement encompassed by the Settlement Agreement satisfies the requirements of Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure and due process so that an appropriate notice of the Settlement Agreement should be given, subject to the Court's approval of a notice plan as provided in this Order.

## II. PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for settlement purposes, a Settlement Class defined as follows:

> All persons or entities who during the period from January 1, 2004 through June 30, 2013, either (A) sold any physical gold or financial or derivative instrument in which gold is the underlying reference asset, including, but not limited to, those who sold (i) gold bullion, gold bullion coins, gold bars, gold ingots or any form of physical gold, (ii) gold futures contracts in transactions conducted in whole or in

part on COMEX or any other exchange operated in the United States, (iii) shares in Gold exchange-traded funds ("ETFs"), (iv) gold call options in transactions conducted over-the-counter or in whole or in part on COMEX or any other exchange operated in the United States; (v) gold spot, gold forwards or gold swaps over-the-counter; or (B) bought gold put options in transactions conducted over-the-counter or in whole or in part on COMEX or on any other exchange operated in the United States.

Excluded from the Settlement Class are Defendants, their officers, directors, management, employees, affiliates, parents, subsidiaries, and co-conspirators, whether or not named in the Action, and the United States Government, and other governments.  Also excluded is the Judge presiding over this action, his or her law clerks, spouse, and any person within the third degree of relationship living in the Judge's household and the spouse of such a person.

4.  Solely for purposes of the settlement, the Court preliminarily finds that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied, as follows: (a) the members of the Settlement Class are so numerous that joinder of all members of the Settlement Class is impracticable; (b) questions of law and fact common to the Settlement Class predominate over any individual questions; (c) the claims of Class Plaintiffs are typical of the claims of the Settlement Class; (d) Class Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of members of the Settlement Class in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already begun by members of the Settlement Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the likely difficulties in managing this Action as a class action.

5.  The Court's certification of the Settlement Class as provided herein is without prejudice to, or waiver of the rights of any Non-Settling Defendant to contest certification of any other class proposed in this Action.  The Court's finding in this Order shall have no effect on the Court's ruling on any motion to certify any class in this Action; and no party may cite or refer to

the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class.

6. If the Effective Date does not occur because of the failure of a condition that affects the Settlement Agreement, this conditional certification of the Settlement Class shall be deemed null and void as to the Settling Parties without the need for further action by the Court or the Settling Parties. In such circumstances, the Settling Parties shall retain their rights to seek or to object to certification of this litigation as a class action under Rule 23 of the Federal Rules of Civil Procedure, or under any other state or federal rule, statute, law, or provision thereof, and to contest and appeal any grant or denial of certification in this litigation or in any other litigation on any other grounds.

### III. CLASS COUNSEL AND CLASS REPRESENTATIVES

7. The law firms of Quinn Emanuel Urquhart & Sullivan, LLP and Berger Montague PC are preliminarily appointed, solely for settlement purposes, as Lead Counsel for the Settlement Class.

8. Class Plaintiffs are preliminarily appointed, solely for settlement purposes, as class representatives for the Settlement Class.

### IV. PLAN OF DISTRIBUTION, NOTICE, AND FAIRNESS HEARING

9. Contemporaneously with this Order, Class Plaintiffs are submitting for the Court's approval a proposed notice plan for purposes of advising members of the Settlement Class, among other things, of their right to object to the Settlement Agreement, their right to exclude themselves from the Settlement Class, the procedure for submitting a request for exclusion, the time, date, and location of the Fairness Hearing to be scheduled by the Court, and their right to appear at the Fairness Hearing.

10. Contemporaneously with this Order, Class Plaintiffs are submitting for the Court's approval a proposed plan of allocation of the Aggregate Settlement Funds (and including all interest and income earned thereon after being transferred to the Escrow Account).

11.     At or after the Fairness Hearing, the Court shall determine whether the Settlement Agreement, the proposed plan of allocation, any application for service awards, and any application for attorneys' fees and/or expenses for Class Plaintiffs' Counsel should be finally approved.

## V.     OTHER PROVISIONS

12.     The notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, have been met.

13.     The Court approves Class Plaintiffs' designation of Kroll Settlement Administration as the Claims Administrator.  Absent further order of the Court, the Claims Administrator shall have such duties and responsibilities as are set forth in the Settlement Agreement.

14.     The Court approves Class Plaintiffs' designation of The Huntington National Bank as Escrow Agent.  Absent further order of the Court, the Escrow Agent shall have such duties and responsibilities in such capacity as are set forth in the Settlement Agreement.

15.     The Court approves the establishment of an escrow account under the Settlement Agreement as Qualified Settlement Funds ("QSFs") pursuant to Internal Revenue Code § 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formulation or administration of the QSFs.  All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and further order(s) of the Court.

16.     All reasonable expenses incurred in identifying and notifying potential Settlement Class Members as well as administering the Aggregate Settlement Funds shall be paid, as set forth herein and in Paragraph 8(a) of the Settlement Agreement.  In the event the Court does not approve the Settlement Agreement or if the Settlement Agreement otherwise fails to become effective, neither Class Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred or disbursed pursuant to Paragraph 8(a) of the Settlement Agreement.

17.     In the event that the Settlement Agreement is terminated, is vacated, is not approved, or the Effective Date fails to occur for any reason, then the Settling Parties shall be deemed to have reverted to their respective status in the Action as of the Execution Date, and, except as otherwise expressly provided herein, such parties shall proceed in all respects as if such Settlement Agreement and any related orders had not been entered, and such Settlement Agreement (including any amendment(s) thereto) and this Order shall be null and void, of no further force or effect, and without prejudice to any such Settling Parties, and may not be introduced as evidence or referred to in any actions or proceedings by any Person; provided, however, that in the event of termination of a Settlement Agreement, Paragraphs 3(b), 8(g), and 10(b) of such Settlement Agreement shall nonetheless survive and continue to be of effect and have binding force.  Within fifteen (15) days following any notice of termination being delivered to the Escrow Agent, the Settlement Fund shall be returned in its entirety to Settling Defendants (including any accrued interest thereon), less any Taxes due and expenditures made of notice and administrative costs pursuant to Paragraph 8 of the Settlement Agreement, if any.  At the request of Settling Defendants' Counsel, the Escrow Agent shall apply for any tax refund owed on the Settlement Fund and pay the proceeds to Settling Defendants.

18.     The Settling Defendants have denied and continue to deny each and all of the claims and allegations of wrongdoing made by Class Plaintiffs in the Action and all charges of wrongdoing or liability against it arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action.  As such, nothing in the Settlement Agreement constitutes an admission by the Settling Defendants as to the merits of the allegations made in the Action, the validity of any defenses that could be or have been asserted, or the appropriateness of certification of any class other than the Class under Federal Rule of Civil Procedure 23 for purposes of settlement only.

19.     All proceedings in the Action with respect to the Settling Defendants are stayed until further order of the Court.  Such stay does not apply, however, to the extent actions are necessary to implement the terms of the Settlement Agreement or comply with their terms.

20. All Class Members shall be bound by all determinations and judgments in the Action concerning the settlement set forth in the Settlement Agreement, whether favorable or unfavorable to the Settlement Class.

21. Any member of the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. Any member of the Settlement Class who does not enter an appearance will be represented by Lead Counsel.

IT IS SO ORDERED.

DATED: January 13, 2022

_____
HON. VALERIE E. CAPRONI
UNITED STATES DISTRICT JUDGE